JAMES H. McKAY, Respondent, *v.* GEORGE H. McADAM, as Administrator, etc., of MARY ANN LAWRENCE, Deceased, Appellant.

*Gift by will — when vested — postponement of the time of payment in the discretion of the executor — when payment thereof will be compelled.*

Where a gift to a person by will is immediate and the source of payment is designated, it is vested. The fact that the time of the payment thereof is postponed for the convenience of the estate, and that the executor of the estate is made the sole judge as to when it will be convenient for him to pay the same, does not empower such executor to arbitrarily postpone the payment thereof; if there are ample funds in his hands to pay such legacy, in the absence of some good reason why he should not pay the same, the payment thereof will be compelled.

APPEAL by the defendant, George H. McAdam, as administrator, etc., of Mary Ann Lawrence, deceased, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 13th day of February, 1894, upon the decision of the court rendered after a trial at the Kings County Special Term overruling the defendant's demurrer to the complaint, and also from the order and decision of the court entered in said clerk's office on the 6th day of February, 1894, directing such judgment.

*George A. Stearns,* for the appellant.

*Thos. Fenton Taylor,* for the respondent.

BROWN, P. J.:

The demurrer was properly overruled.

The complaint alleged the bequest of a legacy to the plaintiff's assignor, by the defendant's testatrix, and its non-payment after demand, and sets out in full the will containing the bequest.

By it it appears that the testatrix gave all her property to Terrence Kenney, who was appointed executor, in trust to pay her debts, and out of the rents of her real estate to pay : (1) A mortgage on the property of $500. (2) Fifty dollars a year to her husband during his life. (3) To her grandniece the legacy in question. (4) Six hundred dollars to her brother Hugh.

The will then provides as follows : " Finally my will is that the fee of my said house, and the rest, residue and remainder of my property, shall vest in my executor, Terrence Kenney — the net income from the same to be applied by him for the education and maintenance of his daughter, my grandniece, Mary Ann Kenney, as long as she shall live, and, in case of her death, then to vest absolutely in the said Terrence Kenney. My intention being that said Terrence Kenney shall be the sole and arbitrary judge of when it may be convenient for him to pay the said sums to my husband, James R. Lawrence, to my grandniece, Annie McGinley, and to my brother, Hugh McGinley."

The complaint further alleges the death of Terrence Kenney on March 24, 1892, and the appointment of defendant as administrator, with the will annexed, and " that said Kenney, as executor, and said McAdam, as his successor, * * * have ample funds, and that said trust is chargeable with funds more than sufficient to pay the legacies and the debts, as provided in said will to be paid."

The gift to the plaintiff's assignor is immediate, and the source of payment designated. It is, therefore, vested. (*Loder* v. *Hatfield,* 71 N. Y. 100.)

The postponement of the time of payment was for the convenience of the estate, and the provision making the executor the sole judge of when it would be convenient for him to pay the legacies did not empower him to postpone payment, arbitrarily, for an indefinite period. (2 Perry on Trusts, § 771.)

The allegation that defendant has ample funds to pay all the legacies and debts must be assumed to be true for the purpose of this

appeal, and, being true, it requires from defendant an answer why he does not pay.

There is no ground for the claim that the will unlawfully suspends the power of alienation, or that there is direction for an illegal accumulation of rents.  The fee of the real estate vested in Kenney, subject to the payment of the legacies, and he could always sell the land subject to that charge and convey a good title.  The power of alienation is not, therefore, suspended at all.

There is no direction to accumulate rents.  The legacies are payable from the income as received, and there is nothing to prevent their payment in installment if the parties choose to deal in that way.

It may be that upon the trial of this action obstacles will exist to a recovery by the plaintiff that do not now arise, but in view of the allegation that Kenney, before his death had, and defendant now has, ample funds to pay the debts and legacies, the demurrer was properly overruled

If it should appear that the defendant had received funds from Kenney's estate belonging to the trust, and properly applicable to pay the legacy in suit, some of the objections which he now urges would be overcome.

The judgment must be affirmed, with costs, with leave to defendant to answer in twenty days on payment of costs.

DYKMAN and CULLEN, JJ., concurred.

Judgment affirmed, with costs, with leave to defendant to answer in twenty days on payment of costs.